IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Shane Calfee,<br><br>        Plaintiff,<br><br>vs.<br><br>Raycove Enterprises LLC,<br>Aaron Raycove, Robert Lane and John<br>Doe Defendants 1-50,<br><br>        Defendants. | CV 23-18-M-DWM<br><br>**FINDINGS OF FACT,**<br>**CONCLUSION OF LAW,**<br>**AND DEFAULT JUDGMENT** |

This matter came for a hearing on October 13, 2023 as a result of Plaintiff's Motion for Entry of Default Judgment (Doc. 28) and Brief in Support of Motion for Entry of Default Judgment (Docs. 29, 29-1). Plaintiff Shane Calfee appeared in person with his counsel, Sherine D. Blackford of Cotner Ryan Law, PLLC. Defendants Aaron Raycove and Robert Lane did not appear. Plaintiff presented evidence in support of his request for a Default Judgment. Based on the testimony and evidence presented, the Court makes the following:

**FINDINGS OF FACT**

    1.    The original Complaint & Demand for Jury Trial was filed April 11, 2023 (Doc. 7) ("Complaint"). Defendant Aaron Raycove ("Raycove") appeared in

this action on April 11, 2023 by filing his Answer to the Complaint. (Doc. 7).

      2.      Defendant Raycove Enterprises, LLC was served with the Complaint and failed to answer or appear.  A default judgment was entered against Defendant Raycove Enterprises on April 17, 2023.  (Doc. 11).

      3.      On June 14, 2023, Raycove consented to file and receive service of documents and notice of electronic filings sent to his email through the Court's electronic filing system (CM/ECF). (Doc. 19).

      4.      On July 5, 2023, Plaintiff filed his First Amended Complaint & Demand for Jury Trial ("Amended Complaint") (Doc. 22) in accordance with this Court's Scheduling Order. (Doc. 20).  The Amended Complaint added Defendant Robert Lane ("Lane") as a party.

      5.      Lane was duly served with a copy of the Summons and Amended Complaint on July 20, 2023 via hand-delivery at 9:13 a.m. at 9078 Clown Lane, Clinton, Montana. (Doc. 25).  Lane has failed to answer or otherwise defend as to Plaintiff's Amended Complaint or to serve upon Plaintiff a copy of any answer or other defense.

      6.      Raycove was duly served with a copy of the Amended Complaint on July 5, 2023 via electronic service through CM/EFC. (Docs. 22, 22-1 to 22-4).

      7.      On July 18, 2023, Plaintiff served Raycove with his First Discovery Requests to Defendant Aaron Raycove, which were sent via email in accordance

with Raycove's consent to receive electronic service. (Hearing Exhibit 12). Raycove failed to respond to Plaintiff's discovery requests and the Requests for Admission are deemed admitted.

8. Raycove has failed to answer or otherwise defend as to Plaintiff's Amended Complaint or to serve upon Plaintiff a copy of any answer or other defense.

9. On August 25, 2023 in accordance with Federal Rule of Civil Procedure 55(a) the Clerk of Court entered a Default against both Raycove and Lane. (Docs. 33 and 34).

10. Plaintiff entered into a Sales Agreement with Defendants to purchase 2 Goldshell KD6 29.2TH ("Goods") to be delivered to Plaintiff on or before June 30, 2022. (Hearing Exhibit 1). Plaintiff paid Defendants the purchase price of $103,382.40. (Hearing Exhibit 2).

11. The Defendants failed to deliver the Goods on or before June 30, 2022, pursuant to the terms of the Sales Agreement.

12. Plaintiff notified Defendants of the breach of the Sales Agreement and requested a refund of the purchase price. The Defendants failed to issue a refund.

13. In anticipation of receiving the Goods, Plaintiff made modifications to his home, including upgrading electrical wiring. He also purchased ancillary equipment required for use of the Goods. (Hearing Exhibits 5, 7, 8).

14. Because Defendants failed to deliver the Goods, Plaintiff has incurred lost business revenue in the amount of $128 per day per each mining rig (2) beginning July 1, 2022 to present. (Hearing Exhibit 10).

15. As a result of Defendants' actions, Plaintiff has incurred the following damages:

| Description | Amount |
| --- | --- |
| Purchase price | $103,382.40 |
| Home modifications and ancillary equipment purchased to support the mining equipment purchased | $6,026.74 |
| Lost business revenue (July 1, 2022 to October 13, 2023) due to equipment not being delivered. Calculated at $128/day x 2 mining rigs. | $120,064.00 |
| Expert Fees | Not claiming |
| Attorney fees & costs | Not claiming |
| **Total** | **$229,473.14** |

From the foregoing findings of fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

16. Any conclusions of law contained in the foregoing findings of fact are incorporated herein by reference.

17. The Court has personal jurisdiction over the parties pursuant to Rule 4 of the Federal Rules of Procedure.

18. The contracts forming the basis of Plaintiff's claims names the State of Montana as the state having jurisdiction.

19. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

20. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule of Procedure 3.2.

21. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff properly made application to the Court for entry of a Default Judgment against Defendants Raycove and Lane.

22. Raycove personally appeared in this action. Both Raycove and Lane were served with written notice of Plaintiff's application for a default judgment seven (7) days prior to the hearing in accordance with Federal Rule of Civil Procedure 55(b)(2).

23. The Clerk entered a Default against Raycove and Lane on August 25, 2023.

24. The allegations in the Amended Complaint are deemed admitted.

25. Defendants breached the contract by failing to deliver the Goods to Plaintiff as specified in the contract. Pursuant to § 27-1-311, MCA the measure of damages for breach of a contract is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of thing would likely result therefrom.

26. Defendants received the purchase price paid by Plaintiff for the Goods, but did not provide the Goods to Plaintiff. Defendants benefited from the receipt of the purchase price and retention of the purchase price by the Defendants is inequitable and the Defendants have been unjustly enriched.

27. Defendants made representations to Plaintiff regarding the Goods which were false, and Plaintiff relied on those representations, resulting in damage to the Plaintiff.

28. Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation for it in money. § 27-1-202, MCA.

29. "Interest shall be allowed on any money judgment in a civil case recovered in a district court. …Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961.

From the foregoing conclusions of law, the Court now enters the following order:

## DEFAULT JUDGMENT

1. Plaintiff's Motion for Entry of Default Judgment is GRANTED.

2. A Default Judgment is entered in favor of Plaintiff Shane Calfee and against Defendant Aaron Raycove and Defendant Robert Lane in the amount of $229,473.14 as of today's date.

3. Interest on the Judgment shall accrue from the date of entry of Judgment at the rate of 5.43% which is computed daily and compounded annually.

DATED this 13th day of October, 2023.

_____
Donald W. Molloy, District Judge
United States District Court